MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 10 CR 663 |
| v. ) | Judge William J. Hibbler |
| ) | |
| JOHN MARSHALL and ) | |
| STEPHEN ADAMS ) | |

### Protective Order Governing Discovery

Upon the motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All materials produced by the United States in preparation for, or in connection with, any stage of the proceedings in this case, and any tangible objects (collectively, "the materials"), remain the property of the United States. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

2. All of the materials produced by the United States may be utilized by defendant and defendant's counsel solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding.

3. Defendant and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than to persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, or other persons to whom the Court may authorize disclosure (collectively "authorized persons"). Defendant and defendant's counsel shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

4. Before providing materials to an authorized person, defendant's counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement acknowledging that the authorized person has received a copy of and reviewed this Order, and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defense counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the conclusion of all stages of this case, and shall provide copies of the signed statements of each authorized person to the government upon request.

5. The materials produced by the United States shall not be copied or reproduced by defendant or defense counsel either directly or indirectly unless the materials are copied for use by authorized persons to assist in the defense and, in that event, such copies and reproductions shall be treated in the same manner as the original materials.

6. To the extent any material is produced by the United States to defendant and defense counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and defense counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that the returned material and all copies of such material have been deleted permanently from any location in which the material was stored.

7. The restrictions set forth in this Order do not apply to documents that are or become public court record, or documents that belong to the defendants, or documents that are produced to the defendants by individuals or entities other than the United States.

8. Nothing contained in this Order shall preclude any party from applying to the Court for further relief or for modification of any provision hereof.

ENTER:

*William J. Hibbler*
William J. Hibbler
United States District Judge

Date: September 7th, 2010